# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PARAGON HOMES, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>)   2:15-cv-02157-RCJ-NJK |
| vs. | )<br>) |
| ASCENT HOME LOANS, INC. et al, | )   **ORDER**<br>) |
| Defendants. | )<br>) |

This case arises out of a foreclosure sale by a homeowners association. Pending before the Court is a Motion to Remand (ECF No. 8). For the reasons given herein, the Court grants the motion.

**I.     FACTS AND PROCEDURAL HISTORY**

In 1993, Tommy and Eleveter Cannon purchased real property located at 636 Yacht Harbor Drive, Unit #102, Las Vegas, Nevada 89128 (the "Property"). (Compl. ¶¶ 3, 38, ECF No. 1, at 9). They executed a deed of trust naming Defendant Countrywide Home Loans, Inc. ("Countrywide") the beneficiary. (*Id.* ¶ 39). In 2006, Defendant Ascent Home Loans, LLC ("Ascent") recorded a deed of trust against the Property, (*id.* ¶ 41), and Countrywide substituted Defendant ReconTrust Company, N.A. ("ReconTrust") as trustee, (*id.* ¶ 42). On August 22, 2012, Ascent assigned Ocwen Loan Servicing, LLC ("Ocwen") as beneficiary of its deed of

trust. (*Id.* ¶ 43). On September 13, 2012, Ocwen recorded an assignment naming Defendant Fidelity National Title Insurance Company ("Fidelity") as trustee for the Ascent deed of trust. (*Id.* ¶ 44). On November 22, 2013, Plaintiff Paragon Homes, LLC ("Paragon") purchased the Property at an HOA foreclosure sale conducted by non-party Nevada Association Services, Inc. on behalf of non-party Elan Owners Association. (*Id.* ¶¶ 11, 13).

On November 7, 2014, Plaintiff Paragon brought the following claims against Defendants in Nevada state court: (1): quiet title; (2) unjust enrichment; and (3) preliminary and permanent injunction. Plaintiff seeks damages "in excess of $10,000.00." (*Id.* at 16). On October 12, 2015, the Nevada District Court signed a stipulation and order substituting Ocwen for Ascent as an intervening defendant. (Stipulation and Order, 166–168, ECF No. 1). On November 12, 2015, Ocwen filed a petition for removal to this Court, and Plaintiff moved to remand on December 10, 2015.

## II. DISCUSSION

Plaintiff asks the Court to remand the case to state court because Defendant Ocwen's petition for removal was untimely under 28 U.S.C. § 1446(2)(B). Ocwen argues its petition was timely under both § 1446 and 12 U.S.C. § 1452(f). The Court need not address these arguments, however, because the Court must remand the case based on lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Ocwen removed the case from state court alleging the Court has original jurisdiction under 28 U.S.C. § 1331 and 12 U.S.C. § 1452. (Pet. for Removal, 1–3, ECF No. 1). Section 1331 gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Ocwen's petition asserts federal question jurisdiction because "a non-judicial HOA sale can extinguish a federally insured loan." (Pet. for

Removal, ¶ 1). Ocwen states that the "Federal Home Loan Mortgage Corporation . . . is the investor of the loan secured by the first Deed of Trust." (*Id.*). Under the "well pleaded complaint" rule, federal-question jurisdiction exists only if a substantial federal question appears on the face of the complaint; a defendant may not rely on federal defenses (and a plaintiff may not rely on anticipated federal defenses) to provide federal-question jurisdiction:

> We confront in this case what Justice Frankfurter termed the litigation-provoking problem of the presence of a federal issue in a state-created cause of action. In determining the presence or absence of federal jurisdiction, we apply the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. A defense is not part of a plaintiff's properly pleaded statement of his or her claim. Rather, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. Thus the rule enables the plaintiff, as master of the complaint, to choose to have the cause heard in state court by eschewing claims based on federal law.

*California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838–39 (9th Cir. 2004) (citations and internal quotation marks omitted).

The Court finds that no federal issue appears on the face of the Complaint, regardless of whether any federal entity had an interest in the Property at the time of the HOA foreclosure sale. Nothing in the Complaint refers to any federal entity, and even if the Court were certain that a federal entity had an interest in the Property at the time of the HOA foreclosure sale, the essential elements of Plaintiff's claims are not based on any federal right or immunity. It does not appear that "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1314 (9th Cir. 1997) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 13 (1983)) (internal quotation marks omitted). Ocwen argues it can protect its interest in the Property by asserting a defense based on federal law that governs the effect of the HOA sale, such as under 12 U.S.C. §

4617(j)(3). Ocwen's potential defense is not part of Plaintiff's properly pleaded claim; thus, it does not give this Court subject-matter jurisdiction over the case.

Ocwen also asserts the Court has jurisdiction over this case under 12 U.S.C. § 1452. Section 1452(f) gives district courts original jurisdiction over "all civil actions to which the [Federal Home Loan Mortgage] Corporation is a party," and the Corporation may remove any case in state court to which it is a party to federal district court at any time before trial. Although Ocwen alleges it is the servicer of a loan owned by the Federal Home Loan Mortgage Corporation ("Freddie Mac"), Freddie Mac is not a party to the suit, as Plaintiff points out. Thus, this Court does not have subject-matter jurisdiction over this case under § 1452.

Finally, Ocwen could properly file for removal within thirty days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). However, no pleadings, motions, or orders subsequent to the Complaint would give Ocwen reason to believe Plaintiff's claims are based on any federal issue that would give the Court subject-matter jurisdiction over the case.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that the case is REMANDED to the Eighth Judicial District Court of Clark County, Nevada, and the Clerk shall close the case.

IT IS SO ORDERED.

DATED: This 12th day of February, 2016.

_____
ROBERT C. JONES
United States District Judge